UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE

| | | |
|---|---|---|
| JEFFREY ALAN CAUSEY | : | DOCKET NO. 3:12-058 |
| VS. | : | JUDGE TRIMBLE |
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is "Objections to Magistrate's Ruling, Recommendation or Decision" (R. #16) wherein the plaintiff moves to have the undersigned vacate, reject or reverse Magistrate Judge Kirk's ruling denying plaintiff's (1) motion to strike paragraphs 8, 12, 13, 14 and 16 of defendant's Notice of Removal, (2) motion to remand, and (3) motion for attorney fees. For the following reasons the motion will be **DENIED**.

On April 16, 2012, the Magistrate Judge issued a memorandum ruling and judgment[1] wherein he determined that the long-term disability policy issued by Jefferson Pilot Financial, now Lincoln National ("Lincoln"), through plaintiff's employer, Gerry Lane Enterprises ("Gerry Lane") was governed by the provisions of ERISA. The Magistrate then denied plaintiff's motion to remand because this court has subject matter jurisdiction pursuant to federal question under 28 U.S.C. § 1331 and denied plaintiff's motion to strike.

Plaintiff's complaints are as follows: (1) the Magistrate may have used a summary judgment standard in rendering his decision or findings; (2) the Magistrate failed to follow the proper standard

---

[1] R. #15 and 16.

in considering whether the action was properly removed; (3) the Magistrate erred in granting the motion to remand because there were no facts alleged to support an argument that plaintiff's action is regulated by ERISA; and (4) the Magistrate erred in accepting the attestation of Gregory Russo (specifically, R.# 10-1, pp. 1-2).

An ERISA plan is an employee welfare benefit plan that is "established or maintained by an employer" engaged in commerce, which "provid[es] for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . . ."[2]

A "plan, fund or program" under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.[3] Courts use a three-prong test to determine whether an arrangement meets the definition of an employee welfare benefit plan, and thus, is an ERISA plan. To be an ERISA plan, the arrangement must be (1) a plan, fund or program (2) established or maintained by the employer (or employee organization) with the intent to benefit employees, and (3) not be excluded from ERISA coverage by the safe harbor provisions established by the Department of Labor.[4]

Plaintiff maintains that the contract for insurance is excluded from ERISA by the safe-harbor provisions established by the U.S. Department of Labor. For a plan to satisfy the "safe harbor"

---

[2] 29 U.S.C. A. § 1002.

[3] Donovan v. Dillingham, 688 F.2d 1367, 1370 (11th Cir. 1982)(en banc).

[4] 29 U.S.C. § 1002(1); Shearer v. Southwest Service Life Ins. Co., 516 F.3d 276 (5th Cir. 2008).

ERISA exclusion, the U.S. Department of Labor[5] requires that:

> (1) no contributions are made by an employer or employee organization;
>
> (2) participation [in] the program is completely voluntary for employees or members;
>
> (3) the sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions, or dues checkoffs, and remit them to the insurer; and
>
> (4) the employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with the payroll deductions or dues checkoffs.[6]

## **STANDARD OF REVIEW**

Magistrate judges are empowered by the United States Code to "hear and determine" non-dispositive, pretrial motions.[7] Louisiana district courts apply a deferential standard of review to a magistrate judge's determination of a motion to remand.[8] Objections to a Magistrate Judge's rulings will be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[9] A ruling is "clearly erroneous," when a court is "left with the definite and firm

---

[5] 29 C.F.R. § 2510.3-1(j).

[6] 29 C.F.R. § 2510.3-1(j).

[7] 28 U.S.C. § 636(b)(1)(A).

[8] In re S'holders of R. E. Heidt Constr. Co., 2011 WL 1841251, at *2-3 (W.D. La. May 13, 2011)(citing In re 1994 Exxon Chem. Fire, 558 F.3d 378, 382-83 (5th Cir. 2009)).

[9] 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a); Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

3

conviction that a mistake has been committed."[10]

*Standard of Law*

Plaintiff objects to the evidentiary standard applied to the decision of the Magistrate, suggesting that the Magistrate may have used a summary judgment standard, and furthermore, he failed to properly follow the standard for summary judgment. Plaintiff argues that the Magistrate should have followed the removal statute, 28 U.S.C. § 1441.

To determine whether the instant suit is subject to complete preemption, and thus is removable on the basis of federal question jurisdiction, we must determine whether plaintiff's claims seek relief "within the scope of the civil enforcement provisions of § 502(a)."[11] In making this determination, the court must examine the plaintiff's complaints, the statute upon which his claims are based and various plan documents.[12] We disagree with plaintiff that the Magistrate used the wrong legal standards and/or misapplied the standard. Our review of the record and the Magistrate's ruling reveals that he relied on the allegations in the complaint, the Notice of Removal with attached documents supporting the Notice of Removal and the policy itself as well as Gerry Lane's application for the policy. We find no merit to plaintiff's argument, nor do we find that the Magistrate committed clear error in deciding the motion to remand.

---

[10] United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2007)(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

[11] Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir. 2003)(en banc), cert. denied, 124 S.Ct. 1044 (2004).

[12] Aetna Health Inc. v. Davila, 124 S.Ct. 2488, 2496 (2004)(citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66, 107 S.Ct. 1542, 1548 (1987)).

4

*Attestation of Gregory Russo*

Plaintiff seems to takes issue with the fact that Mr. Russo, an Appeal Manager for Lincoln National stated in his declaration that the insurance plan was an employee welfare benefit plan. Plaintiff maintains that the documents provided by Mr. Russo do not support the Magistrate opinion or ultimate conclusion. The existence of an ERISA plan is a question of fact.[13] We find this argument to be without merit. The Magistrate Judge made the ultimate decision that the policy was an employee welfare benefit plan based on specific facts derived from the plan documents. Furthermore, the Magistrate Judge rendered his opinion based on the facts with respect to the creation and maintenance of the plan, not the opinion of Mr. Russo.

Plaintiff also complains that Mr. Russo failed to provide all of the pages of the documents for plaintiff's application for insurance. This argument is also without merit. Plaintiff fails to make an argument as to why two missing pages of the policy's "Taxation Summary" is relevant to the issue of whether or not the court has jurisdiction over this matter.

Plaintiff asserts that it is questionable as to whether the plan was established or maintained by the employer according to the Application. Specifically, plaintiff complains that there has been no evidence produced to show that Beth Fincher, an employee of Combined Benefits Administration who marketed and advertised the insurance to the employer, selected or checked the appropriate boxes on the form. Plaintiff also complains that there is no evidence as to whether the agent/broker or the employer made particular selections as to alternate choices that may be checked to select particular provisions for the policy. We find no merit to plaintiff's argument; we fail to see the

---

[13] Reliable Home Health Care, Inc. v. Union Cent. Ins. Co., 295 F.3d 505 (La.App. 5th Cir. 2002) citing Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077, 1082 (1st Cir.) cert. denied, 498 U.S. 1013, 111 S.Ct. 581 (1990).

5

relevance of this argument.

Plaintiff complains that the Magistrate was clearly wrong in determining that the policy was governed by ERISA. Plaintiff contends the Magistrate's ruling was wrong because the employer contributed nothing toward the purchase of the insurance policy and the employee paid 100% of the policy premium. The Magistrate relied on the following: (1) the employer applied for disability coverage, (2) the employer determined which of its employees would be eligible for coverage, and (3) the employer determined the nature of the coverage. Thus, the Magistrate concluded that the employer's involvement in establishing the plan for its employers was far more than simply purchasing it citing Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.[14] We cannot find that the Magistrate committed "clear error" in determining that the employer exceeded the restraint required of the "safe harbor" exclusion, and that the contract/policy was an employee welfare benefit plan governed by ERISA.

## CONCLUSION

Based on the foregoing, the motion to vacate, reject or reverse the Magistrate's Ruling as to the motion to remand, the motion to strike and the motion for attorney fees is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of

---

[14] 904 F.2d 236, 242 (5th Cir. 1990)(finding employer did not act "merely as an advertiser" under the "safe harbor" exclusion where the relevant policy was issued for the stated purpose of insuring employees and set out, in considerable detail, the intended benefits, coverage, and claims procedure); See also House v. Am. United Life Ins. Co., 499 F.3d 443, 449-50 (5th Cir. 2007)(finding sufficient employer participation to defeat "safe harbor" exclusion where, although employees paid premiums, employer established definition of disability, defined levels of benefits, and imposed certain benefit discontinuation terms); AIG Life Ins. Co. v. Blackshear, 44 F.App'x 654 (5th Cir. 2002)(employer's actions exceeded restraint required of "safe harbor" exclusion where, although employer made no contributions and participation was voluntary, employer exercised controls over plan and actively urged employees to participate).

6

Case 3:12-cv-00058-JTT-JDK   Document 23   06/13/12   Page 6 of 7

June, 2012.

/s/ James T. Trimble
_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE